**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SCOTT MCMAHON,                                              )
on behalf of plaintiff and the class members               )
described below,                                           )
                                                           )
                          Plaintiff,                       )
                                                           )
            vs.                                            )
                                                           )
GALAXY ASSET PURCHASING, LLC                               )
and CONVERGENT OUTSOURCING, INC.                           )
                                                           )
                          Defendants.                      )

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1.      Plaintiff Scott McMahon brings this action to secure redress from unlawful credit

and collection practices engaged in by defendants Galaxy Asset Purchasing, LLC and

Convergent Outsourcing, Inc.  Plaintiff alleges violation of the Fair Debt Collection Practices

Act, 15 U.S.C. §1692 et seq. ("FDCPA").

**VENUE AND JURISDICTION**

2.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C.

§1331 and 28 U.S.C. §1337.

3.      Venue and personal jurisdiction in this District are proper because:

        a.      Defendants' collection communications were received by plaintiff within

                this District;

        b.      Defendants do or transact business within this District.

**PARTIES**

4.      Plaintiff Scott McMahon is an individual who resides in the Northern District of

Illinois.

5.      Defendant Galaxy Asset Purchasing, LLC is a Nevada limited liability

company. Its principal office is at 101 Convention Center Drive,  Las Vegas, Nevada 89109. It

1

does business in Illinois. Its registered agent and office is Illinois Corporation Service, 801

Adlai Stevenson Drive, Springfield, Illinois 62703.

6.     Defendant Galaxy Asset Purchasing, LLC claims to purchase charged-off

consumer debts.

7.     Defendant Galaxy Asset Purchasing, LLC uses the mails and telephone in

conducting business.

8.     Galaxy Asset Purchasing, LLC is a debt collector as defined in the FDCPA.

9.     Defendant Convergent Outsourcing, Inc. is a Washington corporation. Its

principal office is at 800 SW 39th Street, Renton, Washington 98057. It does business in Illinois.

Its registered agent and office is CT Corporation System, 208 South LaSalle Street, Suite 814,

Chicago, Illinois 60604.

10.     Defendant Convergent Outsourcing, Inc., is engaged in the business of a

collection agency, using the mails and telephone to collect consumer debts originally owed to

others.

11.     Defendant Convergent Outsourcing, Inc. is a debt collector as defined in the

FDCPA.

## FACTS

12.     Defendants have been attempting to collect from plaintiff an alleged credit

card debt incurred, if at all, for personal, family or household purposes and not for business

purposes.

13.     On or about January 22, 2014, defendant Convergent Outsourcing, Inc., acting on

behalf of defendant Galaxy Asset Purchasing, LLC, sent plaintiff the letter attached as Exhibit A.

14.     Exhibit A is the first letter plaintiff received from defendants regarding the

debt described therein.

15.     On information and belief, based on its contents, Exhibit A was the first letter

defendants sent to plaintiff regarding the debt described therein.

16.     Exhibit A states that the original creditor is "Associates Bank."

17.     The only credit card issuer with a similar name, Associates National Bank, went out of business in 2002.

18.     On January 22, 2014, more than five years had elapsed since the last payment or activity on the account that is the subject of Exhibit A.

19.     On information and belief, on January 22, 2014, more than 14 years had elapsed since the last payment or activity on the account.

20.     Galaxy Asset Purchasing, LLC and Convergent Outsourcing, Inc. regularly seek to collect credit card debts.

21.     The statute of limitations on a credit card debt is five years in Illinois and six in Indiana and Wisconsin.

22.     Galaxy Asset Purchasing, LLC and Convergent Outsourcing, Inc. regularly attempt to collect debts on which the statute of limitations has expired.

23.     Convergent Outsourcing, Inc. regularly sends letters in the form of Exhibit A on debts on which the statute of limitations has expired.

24.     Convergent Outsourcing, Inc. regularly sends letters in the form of Exhibit A on behalf of Galaxy Asset Purchasing, LLC.

25.     Exhibit A offers to settle the debt.

26.     Convergent Outsourcing, Inc. regularly sends letters offering to settle debts on debts on which the statute of limitations has expired.  It regularly sends such letters on behalf of Galaxy Asset Purchasing, LLC.

27.     Galaxy Asset Purchasing, LLC regularly acquires portfolios of debts of similar nature and vintage.

28.     Galaxy Asset Purchasing, LLC, regularly acquires portfolios of time-barred debts.

29.     Exhibit A also states that the debt being collected includes $5,603.99 in interest, while at the same time listing an "interest rate" of 0%.

30.     Exhibit A is therefore likely to confuse and mislead the average consumer about whether or not interest is continuing to accrue on the debt.

## COUNT I – FDCPA – COLLECTION TIME BARRED DEBT

31.     Plaintiff incorporates paragraphs 1-30.

32.     Exhibit A implies that the alleged debt is legally enforceable by offering a settlement.

33.     Nothing in Exhibit A disclosed that the debt was barred by the statute of limitations or not legally enforceable.

34.     It is the policy and practice of Galaxy Asset Purchasing, LLC and Convergent Outsourcing, Inc. to send and cause the sending of letters seeking to collect time-barred debts that do not disclose that the debt is time-barred.

35.     The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm)

36.     In early 2012, the FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

37.     On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were

time-barred. 2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004. The orders require that

"the Bank shall continue to provide disclosures concerning the expiration of the Bank's

litigation rights when collecting debt that is barred by the applicable state statutes of limitations .

. . ." (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28).

38.     The October 1, 2012 orders further require disclosure of "all material conditions,

benefits and restrictions concerning any offer of settlement. . . ." (2012-CFPB-0002, p. 7 of 35,

2012-CFPB-0003,  p. 6 of 28).  Thus, they recognize that "settlement offers" that fail to disclose

material information may be misleading.

39.     On January 30, 2013, the FTC issued its report, *The Structure and Practices of the*

*Debt Buying Industry*, available at http://www.ftc.gov/os/2013/01/ debtbuyingreport.pdf.  The

report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-

cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC-

12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American

Express Travel Company, Inc.* (2012-CFPB-0004) cases, that a defendant may violate the

FDCPA by sending a collection letter demanding payment of a time barred debt without

disclosing that the debt was time barred.

40.     The report cites to a study (Timothy E. Goldsmith & Natalie Martin, *Testing

Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-

Barred Debts?*, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a

debt is time barred in a debt collection letter is material to the consumer.

41.     Courts have also held that the offer of a settlement on a time-barred debt is

misleading. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014).

42.     Galaxy Asset Purchasing, LLC and Convergent Outsourcing, Inc. engaged

in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2),

1692e(5), 1692e(10), and 1692f, by sending consumers letters, such as Exhibit A, offering to

settle time-barred debts without disclosure of that fact.

43.     Section 1692e provides:

**§ 1692e.          False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)     The false representation of--**

**(A)     the character, amount, or legal status of any debt; . . .**

**(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

44.     Section 1692f provides:

**§ 1692f.          Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

## CLASS ALLEGATIONS

45.     Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

46.     Class A consists of (a) all individuals with Illinois or Indiana or Wisconsin addresses (b) to whom Convergent Outsourcing, Inc. (c) sent a letter offering a settlement of a debt (d) which debt was a credit card debt on which the last payment or activity had occurred more than five years (Illinois) or six years (Indiana, Wisconsin) prior to the letter, (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

47.     Class B consists of (a) all individuals with Illinois or Indiana or Wisconsin addresses (b) to whom a letter was sent on behalf of Galaxy Asset Purchasing, LLC, (c) offering a settlement of a time-barred debt (d) which debt was a credit card debt on which the last payment or activity had occurred more than five years (Illinois) or six years (Indiana or

Wisconsin) prior to the letter, (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

48.     On information and belief, each class is so numerous that joinder of all members is not practicable.

49.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common question is whether a letter offering a settlement violates the FDCPA when sent to collect a time-barred debt.

50.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

51.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

52.     A class action is superior for the fair and efficient adjudication of this matter, in that:

        a.      Individual actions are not economically feasible;

        b.      Members of the class are likely to be unaware of their rights;

        c.      Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

    WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

        (a)     Statutory damages;

        (b)     Actual damages, including all amounts paid on time-barred debts;

        (c)     Attorney's fees, litigation expenses and costs of suit;

        (d)     Such other and further relief as the Court deems proper.

## COUNT II – FDCPA
## MISLEADING COMMUNICATIONS REGARDING INTEREST RATE

53.     Plaintiff incorporates paragraphs 1-30.

54.     Exhibit A contains contradictory statements about whether interest is accruing on the debt, by listing a large sum of interest, while at the same time listing an interest rate of 0%.

55.     Defendants violated 15 U.S.C. §1692e(2) and §1692e (10) by sending a letter that was contradictory and misleading as to whether or not interest was being charged on the debt.

### CLASS ALLEGATIONS

56.     Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3), consisting of  (a) all individuals with Illinois or Indiana or Wisconsin addresses (b) to whom a letter was sent by Convergent, (c) representing that the debt included interest and that the interest rate was 0% (d) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action. The subclass consists of class members whose debts were allegedly owned by Galaxy.

57.     On information and belief, the class is so numerous that joinder of all members is not practicable.

58.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common question is whether the letter was misleading to the unsophisticated consumer regarding whether interest was being charged on the debt.

59.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

60.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

61.     A class action is superior for the fair and efficient adjudication of this matter, in that:

        a.      Individual actions are not economically feasible;

   b.  Members of the class are likely to be unaware of their rights;

   c.  Congress intended class actions to be the principal enforcement

     mechanism under the FDCPA.

 WHEREFORE, the Court should enter judgment in favor of plaintiff and the class

members and against defendants for:

    (a)  Statutory damages;

    (b)  Attorney's fees, litigation expenses and costs of suit;

    (c)  Such other and further relief as the Court deems proper.


          s/Daniel A. Edelman
          Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\29499\Pleading\Complaint -- DAE 5-13-14_Pleading.wpd

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendants are aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

s/Daniel A. Edelman
Daniel A. Edelman

T:\29499\Pleading\Complaint -- DAE 5-13-14_Pleading.wpd