**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SCOTT MCMAHON, ) <br> on behalf of plaintiff and the class members ) <br> described below, ) <br>    ) <br>           Plaintiff, ) <br>    ) <br>    vs. ) <br>    ) <br> GALAXY ASSET PURCHASING, LLC ) <br> and CONVERGENT OUTSOURCING, INC. ) <br>    ) <br>           Defendants. ) | Case No. 14-cv-5257 <br> The Honorable Judge Grady |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff Scott McMahon respectfully requests that this Court enter an order determining that this Fair Debt Collection Practices Act ("FDCPA") action may proceed as a class action against defendants Galaxy Asset Purchasing, LLC and Convergent Outsourcing, Inc. Plaintiff seeks to certify three classes and a subclass

Class A relating to Count I consists of (a) all individuals with Illinois or Indiana or Wisconsin addresses (b) to whom Convergent Outsourcing, Inc. (c) sent a letter offering a settlement of a debt (d) which debt was a credit card debt on which the last payment or activity had occurred more than five years (Illinois) or six years (Indiana, Wisconsin) prior to the letter, (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

Class B relating to Count II consists of (a) all individuals with Illinois or Indiana or Wisconsin addresses (b) to whom a letter was sent on behalf of Galaxy Asset Purchasing, LLC, (c) offering a settlement of a time-barred debt (d) which debt was a credit card debt on which the last

1

payment or activity had occurred more than five years (Illinois) or six years (Indiana or Wisconsin) prior to the letter, (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

Class C relating to Count II consists of (a) all individuals with Illinois or Indiana or Wisconsin addresses (b) to whom a letter was sent by Convergent, (c) representing that the debt included interest and that the interest rate was 0% (d) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after filing of this action. The subclass consists of class members whose debts were allegedly owned by Galaxy.

Plaintiff further requests that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

In support of this motion, plaintiff states:

**NATURE OF THE CASE**

1. Defendants have been attempting to collect from plaintiff an alleged credit card debt incurred, if not at all, for personal, family or household purposes and not for business purposes.

2. On or about January 22, 2014, defendant Convergent Outsourcing, Inc. acting on behalf of defendant Galaxy Asset Purchasing LLC, sent plaintiff a letter attached as Exhibit A.

3. Exhibit A is the first letter plaintiff received from defendants regarding the the debt described therein. On information and belief, based on its contents, Exhibit A was the first letter defendants sent to plaintiff regarding the debt described therein.

4. Exhibit A states that the original creditor is "Associates Bank". The only credit card issuer with a similar name, Associates National Bank, went out of business in 2002.

5. On January 22, 2014, more than five years had elapsed since the last payment or activity on the account that is the subject of <u>Exhibit A.</u> On information and belief, on January 22, 20014, more than 14 years had elapsed since the last payment or activity on the account.

6. Galaxy Asset Purchasing, LLC and Convergent Outsourcing, Inc. regularly seek to collect credit card debts.

7. The statute of limitations on a credit card debt is five years in Illinois and six in Indiana and Wisconsin. Galaxy Asset Purchasing, LLC and Convergent Outsourcing, Inc. regularly attempt to collect debts on which the status of limitations has expired.

8. Convergent Outsourcing, Inc. regularly sends letters in form of <u>Exhibit A</u> on debts on which the statute of limitations has expired. Convergent Outsourcing, Inc. regularly sends letters in the form of <u>Exhibit A</u> on behalf of Galaxy Asset Purchasing LLC. Convergent Outsourcing, Inc. regularly sends letters offering to settle debts on debts which the statute of limitations has expired. It regularly sends letters on behalf of Galaxy Asset Purchasing, LLC. Galaxy Asset Purchasing, LLC regularly acquires portfolios of debts of similar nature and vintage, including portfolios of time-barred debts

9. <u>Exhibit A</u> offers to settle the debt..

10. Plaintiff claims that Galaxy Asset Purchasing, LLC and Convergent Outsourcing, Inc. engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by sending consumers letters, such as <u>Exhibit A</u>, offering to settle time-barred debts with disclosure of that fact.

11. <u>Exhibit A</u> contains contradictory statements about whether interest is accruing on the debt, by listing a large sum of interest, while at the same time listing an interest rate

of 0%.

12. Defendants violated 15 U.S.C. §1692e(2) and §1692e (10) by sending a letter that was contradictory and misleading as to whether or not interested was being charged on the debt.

**CLASS CERTIFICATION REQUIREMENTS**

13. All requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met.

14. On information and belief, there are more than 40 members of each class, and that each class is so numerous that joinder of all members is not practicable.

15. Plaintiff will obtain the exact number of class members through discovery, and requests a class certification briefing schedule long enough to obtain such information.

16. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether a letter offering a settlement violates the FDCPA when sent to collect a time-barred debt.

    b. Whether a letter stating that there is interest but also claims that the interest on the account is 0% violates the FDCPA.

17. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

18. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation. (Exhibit B)

19. A class action is superior for the fair and efficient adjudication of this

matter, in that:

      a.      Individual actions are not economically feasible.

      b.      Members of the class are likely to be unaware of their rights;

      c.      Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

20.    Class actions are essential to enforce laws protecting consumers. As the court stated in *Eshaghi v. Hanley Dawson Cadillac Co.*, 214 Ill.App.3d 995, 1004-1005; 574 N.E.2d 760, 766 (1st Dist. 1991):

> **In a large and impersonal society, class actions are often the last barricade of consumer protection.... To consumerists, the consumer class action is an inviting procedural device to cope with frauds causing small damages to large groups. The slight loss to the individual, when aggregated in the coffers of the wrongdoer, results in gains which are both handsome and tempting. The alternatives to the class action – private suits or governmental actions – have been so often found wanting in controlling consumer frauds that not even the ardent critics of class actions seriously contend that they are truly effective. The consumer class action, when brought by those who have no other avenue of legal redress, provides restitution to the injured, and deterrence of the wrongdoer.**

21.    Congress expressly recognized the propriety of a class action under the FDCPA, by providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and 1692k(b) class action cases. As a result, numerous FDCPA class actions have been certified – including many handled by counsel representing plaintiffs in this case, such as *Hale v. AFNI, Inc.* 264 F.R.D. 402 (N.D.Ill. 2009); *Castro v. Collecto, Inc.*, 256 F.R.D. 534 (W.D.Tex. 2009); *Randolph v. Crown Asset Management LLC*, 254 F.R.D. 513 (N.D.Ill. 2008); *Herkert v. MRC Receivables Corp.*, 254 F.R.D. 344 (N.D.Ill. 2008); *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366 (N.D.Ill 2008); *Wahl v. Midland Credit Management, Inc.*, 243 F.R.D. 291 (N.D.Ill. 2007); *Hernandez v. Midland Credit Management, Inc.*, 236 F.R.D. 406 (N.D.Ill. 2006); *Lucas v. GC Services LP*, 226 F.R.D. 337

(N.D.Ind. 2005); *Carbajal v. Capital One FSB*, 219 F.R.D. 437 (N.D.Ill. 2004); *Morris v. Risk Management Alternatives, Inc.*, 203 F.R.D. 336 (N.D.Ill. 2001); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark LLC*, 198 F.R.D. 503 (N.D.Ill. 2001); *Macarz v. Transworld Systems, Inc.*, 193 F.R.D. 46 (D.Conn. 2000); *Vines v. Sands*, 188 F.R.D. 302 (N.D.Ill. 1999); and *Clark v. Retrieval Masters Creditors Bureau, Inc.*, 185 F.R.D. 247 (N.D.Ill. 1999). FDCPA class actions have also been certified in *Sadler v. Midland Credit Management*, 06 C 5045, 2009 U.S. Dist. LEXIS 26771 (N.D.Ill., March 31, 2009); *Miller v.Midland Credit Mgmt.*, 08 C 780, 2009 U.S. Dist. LEXIS 16273 (N.D.Ill., March 2, 2009);*Cotton v. Asset Acceptance, LLC*, 07 C 5005, 2008 U.S. Dist. LEXIS 49042 (N.D.Ill., June 26,2008); *Shea v. Codilis*, 99 C 57, 2000 WL 336537, 2000 U.S. Dist. LEXIS 4131 (N.D. Ill. Mar.27, 2000); *Roe v. Publishers Clearing House*, 98 C 330, 1999 WL 966977, 1999 U.S. Dist.LEXIS 16249 (N.D. Ill. Sept. 30, 1999); *Nielsen v. Dickerson*, 98 C 5909, 1999 WL 350694,1999 U.S. Dist. LEXIS 8334 (N.D. Ill. May 19, 1999); *Sledge v. Sands*, 182 F.R.D. 255 (N.D. Ill. 1998); *Shaver v. Trauner*, C.A. 97-1309, 1998 U.S. Dist. LEXIS 19648 (C.D. Ill. July 31, 1998); *Davis v. Suran*, 98 C 656, 1998 WL 474105, 1998 U.S. Dist. LEXIS 12233 (N.D. Ill. July 31, 1998); *Francisco v. Doctors & Merchants Credit Service, Inc.*, 98 C 716, 1998 WL 474107, 1998 U.S. Dist. LEXIS 12234 (N.D. Ill., July 29, 1998); *Keele v. Wexler & Wexler*, 95 C 3483, 1996 WL 124452, 1996 U.S. Dist. LEXIS 3253 (N.D. Ill., March 18, 1996), aff'd, 149 F.3d 589 (7th Cir. 1998); *Wells v. McDonough*, 97 C 3288, 1998 WL 160876, 1998 U.S. Dist. LEXIS 4441 (N.D. Ill. Mar. 23, 1998); *Miller v. Wexler & Wexler*, 97 C 6593, 1998 WL 60798, 1998 U.S. Dist. LEXIS 1382 (N.D. Ill. Feb. 5, 1998); *Wilborn v. Dun & Bradstreet*, 180 F.R.D. 347 (N.D. Ill. 1998); *Arango v. GC Services LP*, 97 C 7912, 1998 WL 325257, 1998 U.S. Dist. LEXIS 9124 (N.D. Ill. 1998) (misleading collection letters); *Avila v Van Ru Credit Corp.*,94 C

3234, 1995 WL 683775, 1995 U.S. Dist. LEXIS 461 (N.D. Ill. 1995), *aff'd*, *Avila v. Rubin*, *supra*, 84 F.3d 222; *Carr v. Trans Union Corp.*, C.A. 94-22, 1995 WL 20865, 1995 U.S. Dist. LEXIS 567 (E.D. Pa. 1995) (FDCPA class certified regarding defendant Trans Union's transmission of misleading collection notices to consumers); *Colbert v. Trans Union Corp.*, C.A. 93-6106, 1995 WL 20821, 1995 U.S. Dist. LEXIS 578 (E.D. Pa. 1995) (same); *Gammon v. GC Services, L.P.*, 162 F.R.D. 313 (N.D. Ill. 1995) (similar); *Zanni v. Lippold*, 119 F.R.D. 32, 35 (C.D. Ill. 1988); *West v. Costen*, 558 F. Supp. 564, 572-573 (W.D. Va. 1983) (FDCPA class certified regarding alleged failure to provide required "validation" notices and addition of unauthorized fees); *Cheqnet Systems, Inc. v. Montgomery*, 322 Ark. 742, 911 S.W.2d 956 (1995) (class certified in FDCPA action challenging bad check charges); *Brewer v. Friedman*, 152 F.R.D. 142 (N.D. Ill. 1993) (FDCPA class certified regarding transmission of misleading collection demands to consumers), earlier opinion, 833 F. Supp. 697 (N.D. Ill. 1993); *Duran v. Credit Bureau of Yuma, Inc.*, 93 F.R.D. 607 (D. Ariz. 1982) (class certified in action complaining of unauthorized charges).

22. Plaintiff will file a memorandum in support of his motion for class certification after obtaining the exact number of class members through discovery.

23. Plaintiff is filing a class certification motion at this time because of the decision in *Damasco v. Clearwire Corp.*, 662 F 3d. 891 (7th Cir. 2011.)

WHEREFORE, plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action.

Respectfully submitted,

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman

7

Tara L. Goodwin
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, hereby certify that on July 10, 2014 I caused to be filed the forgoing documents with the Clerk of the Court using the CM/ECF System, and caused to be served, on this date or as soon thereafter as service may be effectuated, a true and accurate copy of such filing via hand delivery or process server upon the following parties:

**Convergent Outsourcing, Inc.**
c/o CT Corporation System, Registered Agent
208 S. LaSalle St., Suite 814
Chicago, IL 60604

I further certify that the foregoing document will be sent to a process server to be served by hand delivery upon the following party, along with the summons and complaint in this matter:

**Galaxy Asset Purchasing, LLC**
Illinois Corporation Service
801 Adlai Stevenson Drive
Springfield, Illinois 62703

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)