**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT MCMAHON, | ) | |
| On behalf of plaintiff and the class members | ) | |
| described below, | ) | Case No.: 14-cv-05257 |
| | ) | |
| Plaintiff, | ) | Hon. Judge Andrea R. Wood |
| | ) | |
| vs. | ) | |
| | ) | |
| GALAXY ASSET PURCHASING, LLC and | ) | |
| CONVERGENT OUTSOURCING, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS PENDING RULING ON**
**MOTION FOR TRANSFER AND CONSOLIDATION BY THE JUDICIAL PANEL ON**
**<u>MULTIDISTRICT LITIGATION</u>**

Defendants Galaxy Asset Purchasing, LLC ("Galaxy") and Convergent Outsourcing, Inc.

("Convergent")(together, "Defendants"), through their undersigned counsel, Olson Law Group,

request entry of an Order Staying All Proceedings Pending Ruling on Motion for Transfer and

Consolidation by the Judicial Panel on Multidistrict Litigation. In support thereof, Defendants

state:

1.      This action is one of many federal court actions filed against Convergent

Outsourcing, Inc. ("Convergent"), Galaxy Asset Purchasing, LLC and others alleging that

Convergent purportedly violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

by trying to either collect upon or settle a debt which was time barred under the respective state

statutes of limitations.

2.      On November 11, 2014, Convergent filed a Motion for Transfer and

Consolidation of Related Cases (the "MDL Motion") with the Judicial Panel on Multidistrict

Litigation (the "Panel") pursuant to 28 U.S.C. § 1407 seeking to coordinate this and various

other actions for pretrial discovery and proceedings in the Southern District of Texas. A copy of the MDL Motion is attached hereto as Exhibit "A".

3.      The Panel has not yet set a date for adjudication of the MDL Motion; however, briefing has been completed and, thus, it is reasonable to assume that the Panel will adjudicate the MDL Motion in short order. A copy of the MDL docket is attached hereto as Exhibit "B".

4.      As set forth more fully in Defendants' Memorandum in Support of Defendants' Motion to Stay All Proceedings Pending Ruling on Motion for Transfer and Consolidation by the Judicial Panel on Multidistrict Litigation, the instant action involves identical legal claims and substantially overlapping regional/national putative classes as the matters identified in the MDL Motion.

5.      Defendants respectfully submit that continuing proceedings in this Court *before* the JPML adjudicates the pending motion would needlessly expend this Court's limited time and resources, as well as that of the parties hereto.

6.      Furthermore, continuing to litigate this matter, which is still in its infancy, would alter the underlying circumstances the Panel must consider in adjudicating the MDL Motion.

7.      To promote judicial economy and avoid prejudice to any party, and to allow the MDL Motion to be ruled upon without any change in circumstances, Defendants respectfully request a stay of all proceedings pending the Panel's determination.

8.      On December 11, 2014, undersigned counsel requested Plaintiff's concurrence in the relief requested herein, via telephone and electronic mail, but such concurrence was withheld necessitating the filing of this motion.

WHEREFORE, Defendants Galaxy Asset Purchasing, LLC and Convergent Outsourcing, Inc., respectfully request a stay of all proceedings in this action, including all pretrial discovery and motion practice, until such time as the MDL has adjudicated the pending MDL Motion.

Respectfully Submitted,

/s/ Charity A. Olson
Charity A. Olson (P68295)

Charity A. Olson Law Group
OLSON LAW GROUP
2723 S. State St., Suite 150
Ann Arbor, MI  48104
(734) 222-5179
(866) 941-8712 (Fax)
colson@olsonlawpc.com

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT MCMAHON, | ) | |
| On behalf of plaintiff and the class members | ) | |
| described below, | ) | Case No.: 14-cv-05257 |
| | ) | |
| Plaintiff, | ) | Hon. Judge Andrea R. Wood |
| | ) | |
| vs. | ) | |
| | ) | |
| GALAXY ASSET PURCHASING, LLC and | ) | |
| CONVERGENT OUTSOURCING, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY ALL**
**PROCEEDINGS PENDING RULING ON MOTION FOR TRANSFER AND**
**CONSOLIDATION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**I.**

**INTRODUCTION**

This action is one of many federal court actions filed against Convergent Outsourcing,

Inc. ("Convergent"), Galaxy Asset Purchasing, LLC and other common defendants alleging that

Convergent purportedly violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

by trying to either collect upon or settle a debt which was time barred under the respective state

statutes of limitations. As of this filing, there are no less than six cases pending in federal district

courts around the country – including five putative class actions – alleging identical legal

violations. Convergent anticipates that many more cases will be filed in the coming months.

On November 11, 2014, Convergent filed a Motion for Transfer and Consolidation of

Related Cases (the "MDL Motion") with the Judicial Panel on Multidistrict Litigation (the

"Panel") pursuant to 28 U.S.C. § 1407(a) seeking to coordinate this and various other actions for

pretrial discovery and proceedings in the Southern District of Texas. A copy of the MDL Motion

is attached to Motion to Stay as Exhibit "A". Responses to the MDL Motion were filed on

December 3, 2014 and December 4, 2014, respectively. Convergent's reply was filed on December 9, 2014. The Panel has not set a date for adjudication of the MDL Motion; however, it is reasonable to assume that the MDL Motion will be considered in short order.

While the Panel considers the MDL Motion, Defendants respectfully request a stay of all proceedings in this action, including all pretrial discovery and motion practice, pending the Panel's adjudication of the MDL Motion. Although Plaintiff apparently agrees that coordination and consolidation are appropriate, Plaintiff opposes transfer to the Southern District of Texas. Regardless, for this Court to advance proceedings in the instant matter, would work at cross-purposes with that of the Panel, as it considers whether to consolidate and transfer the cases. Indeed, because the instant action involves virtually identical legal claims and substantially overlapping regional/national putative classes, continuing proceedings before the JPML adjudicates the pending motion would needlessly waste this Court's limited time and resources, as well as that of the parties hereto. Further, it would also alter the underlying circumstances the Panel must consider in adjudicating the MDL Motion. To promote judicial economy and avoid prejudice to any party, and to allow the MDL Motion to be ruled upon without any change in circumstances, the Defendants respectfully request a stay of all proceedings pending the Panel's determination.[1]

## II.

## BACKGROUND

### A.    The Actions Subject of the MDL Motion

The MDL Motion was brought on behalf of Convergent – a common defendant – in all of the Scheduled Actions. Plaintiffs in each case allege that Convergent purportedly violated the FDCPA through its, or its agents, attempt to collect or settle time-barred consumer debt. See, Exhibit A. Each case seeks statutory damages as well as an award of attorney's fees, litigation expenses and costs. All of the other actions pending in various federal courts are in the very early stages of litigation and discovery has not commenced.

---

[1] Similar stays have been requested by motion or stipulated to in the other cases pending in various federal courts.

### B.     The Instant Action

The instant action, which was filed on July 10, 2014, is similar to the other cases submitted to the Panel for coordination.  Like the other actions described in the MDL Motion, Plaintiff Scott McMahon ("Plaintiff") alleges that Convergent purportedly violated the FDCPA by attempting to collect or settle time-barred consumer debt. McMahon Compl. at ¶ 1. Plaintiff alleges, *inter alia*, that Convergent has a policy and practice to send and cause to be sent letters seeking to collect time-barred debt without disclosing to the recipients that such debts are time-barred.  *Id.*, at  ¶ 34.

The putative classes in this action are defined as:

"Class A" consists of (a) all individuals with Illinois or Indiana or Wisconsin addresses (b) to whom Convergent Outsourcing, Inc. (c) sent a letter offering a settlement of a debt (d) which debt was a credit card debt on which the last payment or activity had occurred more than five years (Illinois) or six years (Indiana, Wisconsin) prior to the letter, (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

"Class B" consists of (a) all individuals with Illinois or Indiana or Wisconsin addresses (b) to whom a letter was sent on behalf of Galaxy Asset Purchasing, LLC, (c) offering a settlement of a time-barred debt (d) which debt was a credit card on which the last payment or activity had occurred more than five years (Illinois or six years (Indiana or Wisconsin) prior to the letter, (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

Although the parties have served their initial written discovery requests on each other, as ordered by the Court, such requests were just served on October 28, 2014 and October 30, 2014, respectively, and neither side has provided responses to date. More importantly, however, the MDL Motion had not even been filed as of that date. Suffice it to say, the landscape has changed drastically since Hon. Judge St. Eve held the initial status conference in this matter (albeit in Hon. Judge Grady's absence). Indeed, this case was just reassigned to this Honorable Court earlier today and thus it can hardly be said that substantial efforts have already taken been undertaken by the parties and the Court to adjudicate the claims in this matter.

Given the pendency of the MDL Motion, continuing to litigate the instant case would require the parties to engage in overlapping discovery and would entail multiple courts considering and adjudicating duplicative pretrial motions. If the JPML transfers this case to one court for coordinated pretrial proceedings, the transferee court will be responsible for resolving pending motions and presiding over coordinated discovery. To prevent duplication of efforts, the possibility of conflicting rulings, and to promote judicial economy and avoid prejudice to the parties, Defendants request a temporary stay of all proceedings in this action, pending adjudication of the MDL Motion by the Panel.

## III.

## ARGUMENT

### A.     This Court Has The Authority To Stay This Action Pending The Panel's Ruling

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). *Rohan ex rel. Gates v. Woodford,* 334 F.3d 803, 817 (9th Cir. 2003); *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983); *Tex. Indep. Producers & Royalty Owners Ass'n v. EPA*, 410 F.3d 964, 980 (7th Cir. 2005); 7B C. Wright, A. Miller & M. Kane, FEDERAL PRACTICE AND PROCEDURE § 1792, at 10 (3d ed. 2005) ("When similar actions, either class or individual, are proceeding before several courts, one or more of the tribunals may stay the proceeding before it pending the outcome of the other action."); Federal Judicial Center, MANUAL FOR COMPLEX LITIGATION § 20.14, at 228 (4th ed. 2006) ("In appropriate cases, a judge may order an action stayed pending resolution of a related case in a federal court."). Accordingly, this Court has the inherent authority to stay this case pending the Panel's decision.

### B. A Temporary Stay Is Appropriate Pending The Panel's Ruling

"Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998). A stay is particularly appropriate in this situation because the very "purpose of such [MDL] transfers is to further judicial economy and to eliminate the potential for conflicting pretrial rulings." *Id.* at 809; *see also In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("[c]onsistency as well as economy is thus served" by resolution of common issues by one transferee court); *In re New York City Mun. Sec. Litig.*, 572 F.2d 49, 51-52 (2d Cir. 1978); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997); *In re Columbia Univ. Patent Litig.*, 313 F. Supp. 2d 1383, 1385 (J.P.M.L. 2004) (finding the benefit of an MDL is to place all related actions before one judge who can structure pretrial proceedings to consider all parties' needs while ensuring that duplicate activity does not occur).

Indeed, "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers*, 980 F. Supp. at 1362; *see also Hertz Corp. v. The Gator Corp.*, 250 F. Supp. 2d 421 (D.N.J. 2003); *Smith v. Mail Boxes, Etc., Inc.*, 191 F. Supp. 2d 1155 (E.D. Cal. 2002); *Bd. of Trs. of the Teachers' Ret. Sys. of Ill. v. Worldcom, Inc.*, 244 F. Supp. 2d 900 (N.D. Ill. 2002); *Medical Soc'y v. Conn. Gen. Corp.*, 187 F. Supp. 2d 89, 92 (S.D.N.Y. 2001); *Namovicz v. Cooper Tire & Rubber Co.,* 225 F. Supp. 2d 582 (D. Md. 2001); *Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989 (E.D. Wis. 2000); *Brault v. Merck & Co.*, Inc., No. 06-2039, 2006 WL 3924223 (S.D. Cal. Nov. 7, 2006); *Nekritz v. Canary Capital Partners, LLC*, No. 03-5081, 2004 WL 1462035, at *2 (D.N.J. Jan. 12, 2004) ("An immediate stay will permit the most efficient

possible use of the courts' and the parties' resources."); *Mailblocks, Inc. v. Spam Arrest, LLC*, No. 03-0077, 2003 WL 23325432 (W.D. Wash. June 9, 2003); *Republic of Venezuela ex rel. Garrido v. Philip Morris Cos*., No. 99-0586, 1999 WL 33911677 (S.D. Fla. Apr. 28, 1999); *Am. Seafood, Inc. v. Magnolia Processing, Inc*., Nos. 92-1030, 92-1086, 1992 WL 102762 (E.D. Pa. May 7, 1992); *Arthur-Magna, Inc. v. Del-Val Fin. Corp*., No. 90-4378, 1991 WL 13725 (D.N.J. Feb. 1, 1991).

Factors relevant to whether a stay should be ordered include: (1) the judicial resources saved by avoiding duplicative litigation; (2) potential prejudice to the non-moving party; and (3) hardship to the moving party if a stay is not granted. *See, e.g., Rivers*, 980 F. Supp. at 1360. All of the above factors weigh heavily in favor of issuing a temporary stay pending transfer.

### 1.    A Stay Will Conserve Judicial Resources

If the Panel grants the MDL Motion and consolidates the cases to one district, judicial resources in multiple districts throughout the country would be conserved.

Considerable discovery, including written discovery, document production, party depositions, Rule 26 expert disclosures and depositions, non-party depositions and certain non-party factual discovery must be conducted in this case. If this Court does not stay the instant case, and the Panel consolidates all the cases in a different district, then "this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." *Rivers,* 980 F. Supp. at 1360. Duplicative efforts by the transferee judge also will result, for "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation." *Id.* at 1360-61.

The potential for conflicting rulings also exists. These cases may entail numerous procedural and substantive motions, including dispositive motions, which can be resolved by the transferee court without risk of duplication and inconsistent rulings. *See, e.g., Hertz Corp.*, 250 F. Supp. 2d at 427 (noting that denying a stay would potentially result in "conflicting decisions by this Court and the transferee court . . . thereby decreasing a primary benefit of consolidation, namely consistent rulings on important pretrial legal issues."); *Hardin v. Merck & Co., Inc.*, No. 07-0070, 2007 WL 1056790, at *2 (N.D. Cal. Apr. 5, 2007) ("[D]eference to the MDL court for resolution of a motion to remand provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system.").

Moreover, rulings made currently, including those in this Court, may be vacated after a transfer. "[T]ransferee judges have been known to vacate or modify previous rulings of the transferor judge." *Rivers*, 980 F. Supp. at 1361 (citing cases). "[T]he time and energy that this Court would devote to any rulings it might make . . . could be for naught if this action is transferred to another court and that court modifies or vacates any of this Court's orders." *Id*. Judicial economy thus militates strongly against further investment of this Court's time in pretrial proceedings, pending the JPML decision on consolidation and transfer.

### 2.    A Stay Will Prevent Prejudice To All Parties

Duplicative litigation wastes the parties' resources as well. Absent a temporary stay of this action, the parties will litigate complex issues before this Court, including potentially dispositive issues, even though the cases may ultimately be transferred. The same issues may then be re-litigated in the transferee court. A temporary stay will alleviate this potential waste of effort and resources. *See, e.g., Am. Seafood*, 1992 WL 102762, at *2 ("[D]uplicative

motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of the stay.").

The same is true of discovery. Given that the allegations in all the complaints are similar, discovery herein would substantially overlap with discovery in other cases. If discovery efforts continue, the parties will likely be forced to duplicate significant efforts. *Rivers*, 980 F. Supp. at 1362. By contrast, a stay followed by multidistrict coordination would enable the parties to propound and respond to coordinated sets of comprehensive discovery requests on a going-forward basis. Thus, this Court should issue a stay herein pending the Panel's decision on the MDL motion.

Should this case proceed while the Panel is considering the motion, either or both parties may be prejudiced by inconsistent rulings on significant issues common to all cases. To avoid such prejudice, courts often stay proceedings in anticipation of the possibility that those issues will be addressed by the transferee court selected by the Panel. *See In re Bridgestone/Firestone, Inc.*, 2000 WL 33416573, at *2; *see also In re Ivy*, 901 F.2d at 9; *Weinke*, 84 F. Supp. 2d at 989-90 (staying action pending MDL ruling despite remand motion); *Calder v. A.O. Smith Corp.*, No. 04-1481, 2004 WL 1469370 (D. Minn. June 1, 2004) (staying defendant's motion to dismiss pending Panel's decision); *Falgoust v. Microsoft Corp.*, No. 00-0779, 2000 WL 462919, at *2 (E.D. La. Apr. 19, 2000) (staying action in deference to pending coordination motion, notwithstanding the filing of a motion to remand to state court); MANUAL FOR COMPLEX LITIGATION, supra, § 20.14, at 228.

### 3.    A Stay Will Not Prejudice Plaintiff

Plaintiff will not be substantially prejudiced by staying this action pending the decision of the JPML, particularly where this case has only recently been filed and discovery

has been commenced in earnest as ordered by Hon. Judge St. Eve, in place of Hon. Judge Grady. Indeed, this matter has just been reassigned to this Honorable Court and a status/scheduling conference will presumably be held in the near future.

The short-term stay requested is only until the JPML issues its decision. There will not be an extended delay on Plaintiffs' ability to prosecute the action. *See Am. Seafood*, 1992 WL 102762, at *1; *see also Aikins v. Microsoft Corp.*, No. 00-0242, 2000 WL 310391, at *1 (E.D. La. Mar. 24, 2000) ("Plaintiffs have failed to show any significant prejudice they would suffer, beyond the slight delay pending the JPML decision"); *Republic of Venezuela*, 1999 WL 33911677, at *1 ("[U]pon consideration of what effect a brief stay may have on [plaintiff], the Court finds that Plaintiff will not be prejudiced by the granting of a stay pending the JPML's decision.").

As other courts have noted, "even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay." *Egon v. Del-Val Fin. Corp.*, No. 90-Civ-4338, 1991 WL 13726, at *1 (D.N.J. Feb 1, 1991); *see also Rivers*, 980 F. Supp. at 1362, n.5 ("[E]ven if a temporary stay could be characterized as a delay that would be prejudicial . . . there are still considerations of judicial economy that outweigh any prejudice."); *Am. Seafood*, 1992 WL 102762, at *2 ("[A]ny prejudice to the plaintiffs is clearly outweighed by the considerations of judicial economy and possible prejudice to the defendants.").

**CONCLUSION**

For the foregoing reasons, Defendants respectfully requests a temporary stay of all proceedings in this action, including pretrial discovery and pending and future motion practice, awaiting a Panel decision on the MDL motion.

Respectfully Submitted,

/s/ Charity A. Olson
Charity A. Olson (P68295)

Charity A. Olson Law Group
OLSON LAW GROUP
2723 S. State St., Suite 150
Ann Arbor, MI 48104
(734) 222-5179
(866) 941-8712 (Fax)
colson@olsonlawpc.com

## CERTIFICATE OF SERVICE

I, Charity A. Olson, an attorney, certify that I served the foregoing Answer to Complaint upon the following counsel of record via the Case Management/Electronic Case Filing System ("ECF") as indicated, this 14th day of August 2014.

Attorneys for Plaintiff(s)

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle St.
18th Floor
Chicago, IL 60603
312-739-4200
312-419-0379 FAX

E-mail:

dedelman@edcombs.com
ccombs@edcombs.com
jlatturner@edcombs.com
tgoodwin@edcombs.com


/s/ Charity A. Olson
CHARITY A. OLSON (P68295)
Attorney for Defendant


Charity A. Olson Law Group
OLSON LAW GROUP
2723 S. State St., Suite 150
Ann Arbor, MI  48104
(734) 222-5179
(866) 941-8712 (Fax)
colson@olsonlawpc.com